**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

In the Matter of the Care and Treatment of Jeremiah James Pough, Appellant.

Appellate Case No. 2023-001950

---

Appeal from Kershaw County
Daniel Coble, Circuit Court Judge

---

Memorandum Opinion No. 2026-MO-011
Submitted June 25, 2025 – Filed June 17, 2026

---

**REVERSED**

---

Appellate Defender Gary Howard Johnson II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Christopher Runyan, both of Columbia, for Respondent.

---

**PER CURIAM:** Following a trial, Appellant Jeremiah Pough was civilly committed in accordance with the Sexually Violent Predator Act. *See generally* S.C. Code Ann. §§ 44-48-10 to -180 (2018). Pough appealed, arguing the circuit court erred in admitting evidence of the results of his penile plethysmography test (PPG) because the test is inherently unreliable. We certified his appeal from the court of appeals pursuant to Rule 204(b), SCACR. In line with our recent decision in *In re Care & Treatment of Hyman*, Op. No. 28330 (S.C. Sup. Ct. filed May 13, 2026) (Howard

Adv. Sh. No. 18 at 37), we find the circuit court erred in admitting evidence of the results of Pough's PPG at trial. Further, we do not find the error was harmless beyond a reasonable doubt. We therefore reverse and remand this case for a new commitment trial consistent with the guidance provided in *Hyman*.

**REVERSED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**